DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| KEITH RUSSELL JUDD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE BOARD OF ELECTIONS OF THE )<br>UNITED STATES VIRGIN ISLANDS and )<br>GOVERNMENT OF THE VIRGIN ISLANDS, )<br>)<br>Defendants. )<br>) | Civil No. 2011-63 |

APPEARANCES:

**Keith Russell Judd**
Texarkana, TX
    *Pro se*

## ORDER

**GÓMEZ, C.J.**

The complaint in this action was filed by the *pro se* plaintiff, Keith Russell Judd ("Judd"), on June 10, 2011. Judd sought to be placed on the 2012 Democratic Party primary election ballot in the Virgin Islands as a candidate for President of the United States.

Upon review of the record, the Court noted that there was no proof of service upon, nor entry of appearance on behalf of, the Government of the Virgin Islands or the Board of Elections. Thus, on March 9, 2012, the Court ordered Judd to either file proof of service upon the Government of the Virgin Islands and

the Board of Elections or show cause why this matter should not be dismissed for lack of timely service.

Judd never responded to the Court's March 9, 2012, Order. On March 22, 2012, the Court dismissed the Complaint and the case was closed.

On June 1, 2012, Judd filed a notice of appeal. On July 31, 2012, the appeal was dismissed for failure to timely prosecute.

On August 6, 2012, Judd filed the instant motion for relief from judgment.

On September 10, 2012, Judd again filed a notice of appeal. On October 16, 2012, that appeal was dismissed for failure to timely prosecute.

Judd now "asks for relief from judgment of order [*sic*] under the Twenty-Fourth Amendment as prohibited 'other tax,' and for Order to register all convicted/incarcerated felons to Vote [*sic*] in all 2012 Federal Elections, and to remove Barack Obama from State's 2012 Presidential Ballot/Caucus, and Award [*sic*] all Delegates to Keith Judd, Democratic Candidate for President of the United States . . . ." (Mot. for Relief from J. 5).

Federal Rule of Civil Procedure 60 enumerates the grounds upon which relief from a final judgment, order, or other proceeding:

> (1) mistake, inadvertence, surprise, or excusable neglect;

>   (2)  newly discovered evidence . . . ;
>
>   (3)  fraud . . . , misrepresentation, or misconduct by an opposing party;
>
>   (4)  the judgment is void;
>
>   (5)  the judgment has been satisfied, released, or discharged; . . . or
>
>   (6)  any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Judd has not asserted that the dismissal in this case was based on mistake, that there is newly discovered evidence, that is was procured through any sort of fraud, that the judgment is void. No judgment was entered in this matter that might have been satisfied or otherwise discharged.

His motion also demonstrates no attempt to cure the apparent lack of service, or any explanation for why the defendants were not timely served. Federal Rule of Civil Procedure 4(m) is perfectly clear: "If a defendant is not served within 120 days after the complaint is filed the court . . . *must* dismiss the action . . . ." Fed. R. Civ. P. 4(m) (emphasis added). It is now well over a year since the Complaint in this matter was filed, and still Judd has shown no proof of service nor cause for the failure to serve.

Accordingly, the Court finding no reason that might justify relief from the March 22, 2012, Order dismissing Judd's Complaint, it is hereby

**ORDERED** that Judd's motion for relief from judgment is

**DENIED.**

                                                       S\_____
                                                      **Curtis V. Gómez**
                                                        **Chief Judge**